### Albert Young v. The State.

Appeal in Misdemeanors. — To support an appeal to this court from a conviction for misdemeanor, the record must affirmatively show that the appellant is either in jail or under proper recognizance; otherwise the appeal will be dismissed. If, after conviction, he was arrested and imprisoned, the *capias* and the return upon it should be copied into the record. See the collocation, in the opinion, of the articles of the Revised Code of Criminal Procedure bearing on this subject.

Appeal from the District Court of Brazoria. Tried below before the Hon. W. H. Burkhart.

The case is disclosed in the opinion of the court.

*Thomas G. Masterson*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State, moved to dismiss the appeal.

White, P. J. Appellant Young and two other parties were jointly indicted for an aggravated assault and battery. Appellant was put upon trial alone, and being found guilty his punishment was assessed at one month's imprisonment in the county jail, and in addition thereto he was fined in

the sum of $100.   His motion for new trial being overruled, he gave notice of appeal, and the proceedings on the trial are presented in the transcript here submitted.   There is in the transcript no recognizance, nor is there any evidence of the fact that, being unable to give the recognizance, defendant was committed to and is now actually in jail to abide the result of his appeal.   Because the record fails to show the facts, the assistant attorney-general moves to dismiss the appeal.   In our opinion, the motion is well taken and must be sustained.   To obviate like questions in the future, we take occasion of this opportunity to reproduce from our Code of Criminal Procedure the articles bearing upon and regulating the practice in such cases, especially as some of them are new provisions incorporated into the Revised Code : —

" Art. 804. The judgment in cases of misdemeanor may be rendered in the absence of the defendant.

" Art. 805. When the punishment assessed against a defendant is a pecuniary fine only, the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all the costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid ; or if the defendant be not present, that a *capias* forthwith issue commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid.   Also that execution may issue against the property of such defendant for the amount of such fine and costs.

" Art. 806. When the punishment assessed is other than a pecuniary fine, the judgment shall specify it, and shall order its enforcement by the proper process.   It shall also adjudge the costs against the defendant and order the collection thereof as in other cases."

" Art. 809. When judgment has been rendered against a defendant for a pecuniary fine, if he is present he shall be imprisoned in jail until discharged as provided in article 805, and a certified copy of such judgment shall be sufficient

to authorize such imprisonment, without further warrant or process.

"Art. 810. When a pecuniary fine has been adjudged against a defendant, and he is not present, a *capias* shall forthwith issue for his arrest, and the sheriff shall execute the same by placing the defendant in jail until he is legally discharged."

"Art. 851. When the defendant appeals, in any case of misdemeanor, from the judgment of the District or County Court, he shall, if he be in custody, [be] committed to jail unless he enter into recognizance to appear as hereinafter required; and if he be not in custody, his notice of appeal shall have no effect whatever until he enter into recognizance."

From the foregoing, it is clear that an appeal in a misdemeanor case will not be entertained unless the party appealing is either in jail or has entered into recognizance. Not being required to be present during his trial, he can be represented throughout, even to his giving notice of appeal, by his counsel. If this be so, how is this court to know, in the absence of a recognizance, that he is in jail, if the record fails affirmatively to disclose that fact? If he was not present when the judgment was rendered, then, under arts. 805 and 810, *supra*, a *capias* must issue for his arrest; and in such case the *capias* itself, with the return of the sheriff showing its execution by placing defendant in jail, should be copied into the record as a part thereof on appeal, and would manifest to this court the fact that defendant was in jail, especially where the arrest and imprisonment were subsequent to the date of his notice of appeal. If the defendant is present when his notice of appeal is given, then, if he is unable to enter into recognizance, and in consequence is committed to jail, that fact could and should be stated.

The conclusion of the whole matter is, that, on appeal in misdemeanors, the record must, to support the appeal, show positively and affirmatively one of two things: either

that appellant is under proper recognizance, or that he is in jail; otherwise the appeal will, as in this case, be dismissed. The motion of the assistant attorney-general is sustained, and the appeal is dismissed.

*Appeal dismissed.*